MAY 28 1985

CLERK OF

RELEASED FOR PUBLICATION

DOCKETS NO. 211 AND 631

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL-211 -- IN RE A.H. ROBINS CO., INC., "DALKON SHIELD" IUD PRODUCTS LIABILITY LITIGATION
MDL-631 -- IN RE A.H. ROBINS CO., INC., "DALKON SHIELD" IUD PRODUCTS LIABILITY LITIGATION (NO. II)

BEFORE ANDREW A. CAFFREY, CHAIRMAN, ROBERT H. SCHNACKE, FRED DAUGHERTY, SAM C. POINTER, JR., S. HUGH DILLIN, MILTON POLLACK, AND LOUIS H. POLLAK, JUDGES OF THE PANEL

ORDER

PER CURIAM

Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by defendant A.H. Robins Co., Inc., (Robins) to centralize the more than 1700 Dalkon Shield actions listed on the following Schedule A[1]/ (including some actions that have been or are presently pending in MDL-211) in the Eastern District of Virginia for coordinated or consolidated pretrial proceedings. Also before the Panel is a motion by plaintiffs in three actions (that are or have been included in the MDL-211 proceedings in the District of Kansas) who have intervened in the Eastern District of Virginia in order to oppose Robins' motion pending in that district to certify a nationwide class on the issue of punitive damages for plaintiffs who have allegedly been injured through use of Robins' intrauterine device. This second group of movants has filed a Section 1407 motion in MDL-211 seeking transfer of their actions and the class certification issues in Virginia to the District of Kansas, where MDL-211 is pending before Judge Frank G. Theis.

On the basis of the papers filed and the hearing held, we find that both motions must be denied, because granting either of them would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation.

We recognize that the actions subject to Robins' motion share questions of fact, but we are not persuaded that transfer under Section 1407 is appropriate. MDL-211 has been pending for over ten years, and common discovery in the District of Kansas has been closed, reopened once, and, recently, reopened one more time for limited

---

[1]/ Schedule A reflects information provided to the Panel by Robins and involved courts as of approximately April 1, 1985.

purposes. The bulk of the completed Dalkon Shield common discovery, along with the remaining discovery in the process of being completed in MDL-211 in the District of Kansas, can be made available to the parties in the actions before the Panel without recourse to Section 1407 and without the need for disrupting the many Dalkon Shield actions subject to Robins' motion that are currently proceeding apace in their respective districts. As we noted in 1981, when it then appeared that all common discovery in MDL-211 had been completed:

> [T]he judges to whom the ... actions are assigned could issue orders to show cause why all discovery heretofore completed in the transferee district should not be made applicable to the actions. See Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 19[81]). Judge Theis, as transferee judge, has also prepared a final pretrial order which has been entered in the actions which have already been remanded in this docket. This order is available to the parties, counsel and judges involved in these ... actions, can provide a convenient expression of the conclusions of the transferee judge which have been reached through his familiarity with the litigation, and can serve as an aid in avoiding duplication of discovery and preventing inconsistent pretrial rulings. See In re Seeburg-Commonwealth United Merger Litigation, 415 F. Supp. 393, 396 (J.P.M.L. 1976).

In re A.H. Robins Co., Inc., "Dalkon Shield" IUD Products Liability Litigation, 505 F. Supp. 221, 223 (J.P.M.L. 1981) (footnote omitted).

Robins has been candid in stating to the Panel that it seeks transfer of these actions under Section 1407 to the Eastern District of Virginia (a district other than the original MDL-211 transferee district, and also the district in which Robins is headquartered) as part of an overall effort to secure a universal resolution of all Dalkon Shield actions. Such a goal is certainly not inimical to the principles underlying Section 1407, but Section 1407 transfer can only be a tool in such an effort if the statutory criteria for transfer under Section 1407 have been satisfied. This simply has not been done in regard to the Robins motion.

The motion of the MDL-211 plaintiffs who have intervened in the Eastern District of Virginia suffers from a lack of precision. To the extent, however, that the motion essentially seeks transfer of certain class action issues now pending in the Eastern District of Virginia to the District of Kansas, the motion must be denied. The Panel does not have power to separate issues in civil actions, assigning one or more to the transferee court and one or more to transferor courts. In re Plumbing Fixture Cases, 298 F. Supp. 484, 489-90 (J.P.M.L. 1968).

IT IS THEREFORE ORDERED that the motions for transfer, pursuant to 28 U.S.C. §1407, be, and the same hereby are, DENIED.